UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIEN VO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MINGA WOFFORD, Facility Administrator of Mesa Detention Center, et al.,<br><br>　　　　Respondents. | No. 1:25-cv-01530-JLT-SKO (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>[THIRTY DAY DEADLINE] |

　　　Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed a petition for writ of habeas corpus challenging his detention by the United States Department of Homeland Security ("DHS").

　　　Petitioner is a citizen and national of Vietnam who entered the United States in 1980 as a refugee. He later became a lawful permanent resident. In 2000, Petitioner was ordered removed. He sought asylum, withholding of removal, and protection under the Convention Against Removal; those applications were denied by an Immigration Judge. He did not appeal the decision. He was released under an Order of Supervision, Form I-220B, in 2000, and has been reporting to Immigration and Customs Enforcement ("ICE") on a yearly basis since then.

　　　On September 5, 2025, during a regularly scheduled ICE check-in, Petitioner was taken into custody. He states he was not provided an explanation for his re-detention, other than the

1

existence of a removal order.

Petitioner claims his constitutional rights have been violated because he was detained without notice and a hearing to advance any argument as to why he should not be re-detained. He further contends detention is indefinite and removal to Vietnam is not reasonably foreseeable. He further claims he should not be removed to a third country without Respondent first asserting a proper basis for removal and providing him with notice and opportunity to respond. He seeks immediate release from custody.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Response to the Order to Show Cause is due within THIRTY (30) days of the date of service of this order.
2. Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse. All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:  **November 13, 2025**               /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

UNITED STATES MAGISTRATE JUDGE