1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIEN VO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ALBARRAN et al.,<br><br>　　　　Respondents. | Case No. 1:25-cv-01530 JLT SKO<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 11) |

Tien Vo is an immigration detainee who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 1), and a motion for temporary restraining order, (Doc. 2.) This Court denied the motion for temporary restraining order as untimely, (Doc. 5), and referred the matter to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 23, 2025, the assigned Magistrate Judge issued Findings and Recommendations to grant Petitioner's writ of habeas corpus petition. (Doc. 11.) The Court served the Findings and Recommendations on the parties and notified them that any objections were due within twenty-one days. (Doc. 11 at 9.) The Court advised them that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).) On January 9, 2026, both parties filed a notice indicating that they will not be filing objections to the Findings and

1 | Recommendations. (Docs. 12, 13.)

2 | According to 28 U.S.C. § 636 (b)(1)(c), this Court performed a *de novo* review of this
3 | case. Having carefully reviewed the matter, the Court concludes that the Findings and
4 | Recommendations are supported by the record and proper analysis, with one exception. The
5 | Court agrees with the Findings and Recommendations' conclusion that the Respondents failed to
6 | show a significant likelihood of Petitioner's removal as required under 8 C.F.R. § 241.13(i)(2).
7 | (Doc. 11 at 4–5.) However, the Court does not adopt the Findings and Recommendations'
8 | reliance on *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct.
9 | 22, 2025), *Tran v. Noem*, No. 25-cv-2391-BTM-BLM, 2025 WL 3005347, at *1–4 (S.D. Cal.
10 | Oct. 27, 2025), and *Nguyen v. Noem*, No. 25-cv-2792-LL-VET, 2025 WL 3101979, at * 3 (S.D.
11 | Cal. Nov. 6, 2025).

12 | In *Truong*, the court ordered petitioner's immediate release from ICE custody, despite the
13 | government having secured a travel document to Laos because the government failed to comply
14 | with the notice and interview requirements enumerated in 8 C.F.R. §§ 241.4(l)(1) and
15 | 241.13(i)(3). *Truong*, 2025 WL 2988357, at *4–6. The court noted that had the government
16 | argued that securing the Laos travel document resulted in a significant likelihood of removal
17 | under 8 C.F.R. § 241.13(i)(2), that would have likely been "an appropriate ground to revoke
18 | [petitioner's] release." *Id*. at *4. However, the court expressly refused to rule on this issue
19 | because it was "not before the [c]ourt." *Id* ("[T]o be clear, the [c]ourt is not making a finding that
20 | when the government acquires travel documents from a country it intends to deport a noncitizen
21 | to, [it] substantiates a change in circumstances for purposes of 8 C.F.R. § 241.13(i)(2).").

22 | *Nguyen* and *Tran* relied on *Truong* in finding that, if travel documents did not exist at or
23 | before the petitioner's re-detention, then obtaining travel documents months later cannot justify
24 | ICE's decision to re-detain / revoke the petitioner's release in the first instance. *Nguyen*, 2025
25 | WL 3101979, at * 3 (explaining that when ICE fails to follow its regulations in revoking release,
26 | the detention is unlawful and the petitioner's release must be ordered *even when* the Government
27 | obtains a travel document to the petitioner's country of origin after re-detention); *Tran*, 2025 WL
28 | 3005347, at *2–3 (explaining that, despite the government having obtained a Vietnam travel

document sometime in October 2025, and anticipating petitioner's deportation within the next two weeks, petitioner was entitled to immediate release because the government lacked a change in circumstances (e.g., the receipt of the travel documents) at the time of petitioner's re-detention in June 2025). However, *Truong* did not expressly stand for this proposition, nor did it rule on this issue. *See Truong*, 2025 WL 2988357, at *4. Additionally, these cases are inapplicable because Respondents have not yet obtained a travel document for Petitioner, thus it has no bearing on the Court's decision.[1] (*See* Doc. 11 at 3.)

      Rather, the conclusion of the Findings and Recommendations' regarding Respondents failure to show a significant likelihood of removal is proper for the other reasons cited in the order. (*See* Doc. 11 at 5.) In relevant part, the fact that Respondents did not submit a travel document request to Vietnam until three weeks after Petitioner's re-detention suggests a lack of changed circumstances to justify Petitioner's re-detention. (Doc. 11 at 5); *see also Liu v. Carter*, No. 25-3036-JWL, 2025 WL 1696526, at *3 (D. Kan. June 17, 2025) ("[T]he fact that officials did not even request documentation for petitioner from the Chinese authorities until May . . . undercuts any suggestion that petitioner's release was in fact revoked in January because the likelihood of obtaining that documentation had increased to any material degree."). Furthermore, citing a general change in a country's policy of accepting removable aliens is insufficient to prove a material change of circumstances in this case. (Doc. 11 at 5); *see also Liu*, 2025 WL 1696526, at *1–2 (finding that "an increase in successful repatriations to . . . China in 2024" did not bear on the likelihood of obtaining travel documents for petitioner absent some evidence specific to petitioner's case).

      Importantly, ICE has not yet obtained a Vietnamese travel document for the Petitioner despite having detained the Petitioner over four months ago on September 5, 2025, (Doc. 11 at 2–3), which is longer than the typical removal period. 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . ."). As this Court explained in *Yan-Ling X. v. Lyons*, "[a]n undue delay in

---

[1] The Court notes, however, that if ICE obtains a travel document to deport a petitioner soon after their re-detention, then it makes little practical sense to order that person's immediate release.

removal for an individual alien beyond the typical removal period would naturally suggest that removal is unlikely." No. 1:25-cv-01412-KES-CDB, 2025 WL 3123793, at *5 (E.D. Cal. Nov. 7, 2025) (citations and quotations omitted).  As the Findings and Recommendations notes, Respondents cannot rely on the Certificate of Visa Exemption to show that removal is significantly likely because such visa exemption does not grant permanent removal to Vietnam, rather only temporary travel.  (Doc. 11 at 5 n. 2.)  In sum, Respondents violated the applicable regulation because they failed to show a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

Finally, the Court agrees with the Findings and Recommendations' remaining points regarding the government's failure to provide a meaningful notice and prompt interview as required under 8 C.F.R. § 241.13(i)(3).  (Doc. 11 at 6–7); *see also Diaz v. Wofford*, No. 1:25-cv-01079-JLT-EPG, 2025 WL 2581575, at * 8–9 (E.D. Cal. Sept. 5, 2025).  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 23, 2025 (Doc. 11) are **ADOPTED IN PART**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents are **ORDERED** to immediately release Petitioner from custody.
4. Petitioner is **ORDERED** to comply with all conditions of supervision that were in effect before his re-detention.
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**January 22, 2026**__

UNITED STATES DISTRICT JUDGE

4